UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARION TRAMMEL, | No. 2:23-cv-1111 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. RAMOS, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se, has filed motions for appointment of counsel, discovery, and to exclude evidence. ECF Nos. 35, 36. He has also filed a document styled as an "Affirmative Defenses Motion for Opening Arguments." ECF No. 37.

      With respect to the motion for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,

1  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden
2  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to
3  most prisoners, such as lack of legal education and limited law library access, do not establish
4  exceptional circumstances that would warrant a request for voluntary assistance of counsel.
5      Plaintiff requests appointment of counsel on the grounds that he lacks legal experience
6  and is unable to represent himself before a jury.  ECF No. 35.  Not only are these circumstances
7  common to most prisoners, but it has not yet been determined that this case will proceed to trial,
8  making the request based on the need for counsel at trial premature.  For these reasons, plaintiff
9  has not shown the existence of extraordinary circumstances warranting the appointment of
10 counsel and the request will be denied.
11     Plaintiff has also filed a motion requesting video footage and documents and asking that
12 prejudicial evidence such as his criminal and disciplinary histories be excluded.  ECF No. 36.
13 Both requests are premature.  To the extent the request for discovery is intended as a motion to
14 compel, it is not clear that plaintiff has submitted written discovery requests to defendants as to
15 which he is now seeking to compel a further answer.  Moreover, even if plaintiff has submitted
16 written discovery requests, discovery in this case opened on March 12, 2024.  ECF No. 33.  Even
17 if plaintiff submitted a request for production to defendants on the day discovery opened,
18 defendants have forty-five days from the date the request was served to submit their responses.
19 Id. at 5.  If plaintiff is seeking discovery, he must submit his request to defendants.  If defendants
20 fail to respond to the requests or plaintiff believes their responses are deficient, he may file a
21 motion to compel at that time.  Any such motion must reproduce the request and response at issue
22 and explain why plaintiff believes the response is deficient.  Plaintiff's motion in limine to
23 exclude evidence is also premature.  In the event this case is not resolved by a motion for
24 summary judgment, a deadline for filing motions in limine will be set once a trial is scheduled.
25     Finally, plaintiff's "Affirmative Defenses Motion for Opening Arguments" contains a
26 summary of plaintiff's allegations against the defendants but does not specify any relief sought by
27 plaintiff.  ECF No. 37.  To the extent this document is intended to be plaintiff's opening statement
28 for trial, it is premature and unnecessary to file and will therefore be disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 35) is DENIED without prejudice;

2. Plaintiff's motion for discovery and to exclude evidence (ECF No. 36) is DENIED as premature; and

3. Plaintiff's affirmative defenses motion (ECF No. 37) is DISREGARDED.

DATED: April 1, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3