1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEMARION TRAMMEL,                          No.  2:23-cv-1111 KJM AC P

12                  Plaintiff,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   A. RAMOS, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Currently, before the court is defendants'

18   motion to stay these proceedings pending the resolution of plaintiff's criminal case.  ECF No. 43.

19   I.       Plaintiff's Allegations

20        This case proceeds on the original complaint, which was screened and found to state

21   cognizable claims against defendants Ramos, Ortiz-Zamora, and Ortiz-Garcia for violations of the

22   Eight Amendment.  ECF No. 14 at 3.  Plaintiff alleges that Ramos, Ortiz-Zamora, and Ortiz-

23   Garcia used excessive force against him during an incident on April 27, 2023, when they entered

24   his cell and beat him with a baton and closed fists.  ECF No. 1 at 2.

25   II.      Motion to Stay

26           A.  Motion

27        Defendants seek a stay of these proceedings under the Pullman abstention doctrine, see

28   Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941), pending plaintiff's prosecution in

                                                 1

state court.  ECF No. 43 at 1.  Plaintiff has been criminally charged with two counts of felony battery by a prisoner on a non-prisoner (Cal. Pen. Code § 4501.5) in Solano County Superior Court Case Number F23-01661.  Id.; ECF No. 43-1 at 10-12.  Those charges arise out of the same incident providing the factual basis for plaintiff's claims in this case.  ECF No. 43 at 2; ECF No. 43-1 at 11.  Defendants argue that a stay pending the outcome of plaintiff's criminal case is appropriate because a conviction might moot the constitutional issues raised in this case.  ECF No. 43 at 2-3.  According to defendants' recently filed status report, plaintiff is scheduled to be arraigned in state court on July 2, 2025.[1]  ECF No. 49.

Defendants' motion to stay is accompanied by a request for judicial notice of the rules violation report plaintiff received as a result of the April 27, 2023 incident and the complaint and docket in his state court criminal proceedings.  ECF No. 43-1.  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Because the documents are a matter of public record and not subject to reasonable dispute, the request for judicial notice will be granted.

### B. Opposition

Plaintiff opposes defendants' motion to stay, arguing that he is ready to proceed, that a stay would be an unnecessary waste of time, and that proceeding in this case would be in the interest of civil justice.  ECF Nos. 44, 45.

### C. Reply

In their reply, defendants assert that plaintiff offers only conclusory arguments without legal authority and fails to address any of the Pullman factors.  ECF No. 46 at 1.  They then reiterate that the Pullman abstention doctrine should apply in this matter because all the elements of the doctrine are satisfied.  Id. at 1-2.

---

[1]  At the time defendants filed their motion to stay, plaintiff had a preliminary examination scheduled for January 15, 2025.  ECF No. 43 at 1; ECF No. 43-1 at 14.  That hearing was ultimately continued to April 9, 2025, and plaintiff's arraignment on the information is currently set for July 2, 2025.  ECF No. 49.  The court has reviewed the Solano County Superior Court's docket to verify these dates.

1      D. <u>Sur-reply</u>

2          Plaintiff has also filed a sur-reply arguing that a stay would violate his civil right to a fair

3      trial and due process.  ECF No. 47.  Neither the Federal Rules of Civil Procedure nor the Local

4      Rules contemplate the filing of a sur-reply, and the court did not request, nor did plaintiff seek

5      leave to file, a sur-reply.  Because the sur-reply is unauthorized and adds nothing of substance to

6      plaintiff's opposition, it will be disregarded.

7      E. <u>Analysis</u>

8          i. <u>Pullman Abstention</u>

9          "<u>Pullman</u> abstention is an equitable doctrine that allows federal courts to refrain from

10     deciding sensitive federal constitutional questions when state law issues may moot or narrow the

11     constitutional questions."  <u>San Remo Hotel v. City and County of San Francisco</u>, 145 F.3d 1095,

12     1104 (9th Cir. 1998).

13     <u>Pullman</u> abstention is appropriate where:

14     (1) The complaint touches a sensitive area of social policy upon
       which the federal courts ought not to enter unless no alternative to its
15     adjudication is open.

16     (2) Such constitutional adjudication plainly can be avoided if a
       definitive ruling on the state issue would terminate the controversy.
17

18     (3) The possibly determinative issue of state law is doubtful.

19     <u>Sinclair Oil Corp. v. County of Santa Barbara</u>, 96 F.3d 401, 409 (9th Cir. 1996) (quoting <u>Pearl</u>

20     <u>Inv. Co. v. City and County of San Francisco</u>, 774 F.2d 1460, 1463 (9th Cir. 1985).

21         In this case, it appears that defendants have equated ongoing state criminal proceedings

22     with a "determinative issue of state law."  ECF No. 43 at 3.  However, while state court criminal

23     proceedings unquestionably "implicate important state interests," <u>Lazarus v. Baca</u>, 389 F. App'x

24     700, 700 (9th Cir. 2010) (citing <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986); <u>Rose v. Mitchell</u>, 443

25     U.S. 545, 585 (1979); <u>Younger v. Harris</u>, 401 U.S. 37, 43-44 (1971)), and are of course "issues of

26     state law" in the general meaning of the phrase, they do not necessarily constitute "issues of state

27     law" for purposes of <u>Pullman</u>.  <u>Pullman</u> addresses the concern

28     ////

3

> that a federal court will be forced to interpret state law without the benefit of state-court consideration and therefore under circumstances where a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless.

Moore v. Sims, 442 U.S. 415, 428 (1979) (citations omitted).  In other words, Pullman applies where there is a question regarding the interpretation of state law that could moot the federal constitutional issue.  While plaintiff's guilt of the state charge remains uncertain until the criminal proceedings come to a final resolution, there is no indication that the clarity of the statute he is charged with violating is uncertain, making Pullman abstention inappropriate.  See Peridot Tree, Inc. v. City of Sacramento, 94 F.4th 916, 929 (9th Cir. 2024) (Pullman requirements not met where the ordinance in question was clear); Kusper v. Pontikes, 414 U.S. 51, 54 (1973) (abstention is appropriate "where the challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question").

For the reasons set forth above, defendants have not met their burden in demonstrating that a stay is warranted and the motion to stay the case should be denied.

III.    Younger Abstention

Although it is clear that abstention under Pullman is not appropriate, because plaintiff is subject to an ongoing criminal prosecution the court will also consider whether abstention is appropriate under Younger v. Harris, 401 U.S. 37 (1971).  See Citizens for Free Speech, LLC v. County of Alameda, 953 F.3d 655, 658 (9th Cir. 2020) ("the court may raise abstention of its own accord at any stage of the litigation").  "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism."  San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted).

> Specifically, Younger abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.

4

1  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (quoting

2  ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

3  "[W]hen damages are at issue rather than discretionary relief, deference—rather than dismissal—

4  is the proper restraint.  Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004).

5        Although plaintiff's state court criminal proceedings are still on-going and, as noted

6  above, state criminal proceedings "implicate important state interests," the court is unable to find

7  that requested relief would have "the practical effect of enjoining the ongoing state judicial

8  proceeding."  In this case, plaintiff was charged with battery by a prisoner on a non-confined

9  person in violation of Penal Code § 4501.5.  ECF No. 43 at 1; ECF No. 43-1 at 10-12.  Section

10 4501.5 provides that "[e]very person confined in a state prison of this state who commits a battery

11 upon the person of any individual who is not himself a person confined therein shall be guilty of a

12 felony," while Penal Code § 242 defines battery as "any willful and unlawful use of force or

13 violence upon the person of another."  There is no indication from the elements of the offense that

14 the jury will be required to make any factual findings related to the lawfulness of defendants'

15 conduct[2] or the appropriateness of their use of force, or that the outcome of this case would have

16 any preclusive effect on the state criminal proceedings.[3]  This is particularly true if defendants'

17 alleged use of force followed plaintiff's alleged battery upon them.  See Guy v. City of San

18 Diego, 608 F.3d 582, 589 (9th Cir. 2010) ("[E]ven when police officers reasonably must take

19 forceful actions in response to an incident, and even when such forceful actions are permissible at

20

21

---

22 [2]  Unlike other forms of battery that require the officer be engaged in the performance of their
   duties and therefore acting lawfully, see, e.g., Cal. Penal Code. § 243(b)-(c) (battery against peace
23 officer or custodial officer in performance of their duties); Cal. Penal Code § 243.1 (battery
   against custodial officer in performance of duties); see also People v. Cruz, 44 Cal. 4th 636, 673
24 (2008) (where statute makes it a crime to commit act against peace officer engaged in
   performance of their duties, officer was necessarily acting lawfully at the time (citation omitted)),
25 § 4501.5 contains no such requirement and the record indicates that the trial judge denied defense
   counsel's request for an instruction regarding lawful performance, see ECF No. 88-10 at 42 (jury
26 trial minutes indicating judge denied request for CALCRIM 2671 instruction).
27 [3]  For these same reasons, defendants' argument that a guilty finding on the criminal charges
   would result in plaintiff's civil claims being barred by Heck v. Humphrey, 512 U.S. 477 (1994),
28 is unconvincing.

1    first, if the officers go too far by unnecessarily inflicting force and pain after a person is subdued,

2    then the force, unnecessary in part of the action, can still be considered excessive.").

3        For these reasons, a stay under Younger is also not appropriate in this case.

4                                    CONCLUSION

5        Accordingly, IT IS HEREBY ORDERED that:

6        1.   Defendants' request for judicial notice (ECF No. 43-1) is GRANTED; and

7        2.   Plaintiff's sur-reply (ECF No. 47) is DISREGARDED.

8        IT IS FURTHER RECOMMENDED that defendants' motion to stay (ECF No. 43) be

9    DENIED.

10        These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15   objections shall be served and filed within fourteen days after service of the objections.  The

16   parties are advised that failure to file objections within the specified time may waive the right to

17   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   DATED: May 13, 2025

19                                _____

20                                ALLISON CLAIRE
                                 UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                        6