UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARION TRAMMEL, | No. 2:23-cv-1111 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. RAMOS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Findings and Recommendations regarding defendant's motion for a stay have been submitted to the district judge (ECF No. 51), and defendants have filed objections (ECF No. 52). In light of those objections, for the reasons explained below, the Findings and Recommendations will be vacated and supplemental briefing ordered. The court also addresses plaintiff's motion for appointment of counsel (ECF No. 53).

I.      Objections to Findings and Recommendations

On May 13, 2025, the undersigned recommended the denial of defendants' motion for a stay pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941). ECF No. 51. In so recommending, the undersigned also *sua sponte* considered whether abstention was appropriate under Younger v. Harris, 401 U.S. 37 (1971), and found that it was not. Id. at 4-6. It was further noted that, for the same reasons Younger abstention was not appropriate, defendants' cursory argument that plaintiff's claims would be barred by Heck v. Humphrey, 512 U.S. 477

1

(1994), was also unconvincing. Id. at 5 n.3.

Defendants have now filed objections to the findings and recommendations in which they argue for the first time that <u>Younger</u> abstention is appropriate, and—unlike in their moving papers—fully articulate their argument that plaintiff's claims will be barred by <u>Heck</u>. ECF No. 52. They also request that the court take judicial notice of the transcript of plaintiff's preliminary hearing in his state criminal case. ECF No. 52-1.

Although defendants should have fully briefed their <u>Heck</u> bar theory in their moving papers rather than in their objections, in the interests of judicial economy the May 13, 2025 findings and recommendations will be vacated and defendants will be given an opportunity to provide supplemental briefing on whether <u>Younger</u> abstention is appropriate in this case, including any arguments as to why this case would be <u>Heck</u> barred if plaintiff is convicted in the state court. Defendants should present all arguments for why a stay is appropriate that they may wish to make. Plaintiff will then be given an opportunity to respond, at which point the matter will be submitted for decision.

II. <u>Motion for Counsel</u>

Plaintiff has moved for appointment of counsel. ECF No. 53. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the ground that he requires assistance going into trial because of his mental and physical capabilities. ECF No. 53. However, it has not yet been determined whether this case will proceed to trial, and plaintiff has not provided any explanation or evidence demonstrating that his mental and physical capabilities render him unable to represent himself. Plaintiff has therefore failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on May 13, 2025 (ECF No. 51) are VACATED.

2. Within twenty-one days of the service of this order, defendants may file a supplemental brief in support of their motion to stay, as set forth above. Plaintiff may file a response within twenty-one days of service of the supplemental brief.

3. Plaintiff's motion for the appointment of counsel (ECF No. 53) is DENIED without prejudice.

DATED: June 12, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3