UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARION TRAMMEL,<br><br>         Plaintiff,<br><br>    v.<br><br>A. RAMOS, et al.,<br><br>         Defendants. | No.  2:23-cv-1111 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  Currently, before the court are defendants' motion to stay (ECF No. 43) and plaintiff's motion to appoint counsel (ECF No. 56).

I.     Procedural History

Two days before the deadline to file dispositive motions, defendants filed a motion to stay these proceedings pending the resolution of plaintiff's criminal case (ECF No. 43) and plaintiff opposed the motion (ECF No. 44).[1]  On May 13, 2025, the undersigned recommended the denial of defendants' motion for a stay pursuant to Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941).  ECF No. 51.  In so recommending, the undersigned also *sua sponte* considered whether abstention was appropriate under Younger v. Harris, 401 U.S. 37 (1971), and found that it was not.  ECF No. 51 at 4-6.  It was further noted that, for the same reasons Younger abstention

---

[1]  Plaintiff also filed an unauthorized sur-reply (ECF No. 47), which the court disregarded because it added nothing of substance to his opposition.  ECF No. 51.

1

1  was not appropriate, defendants' cursory argument that plaintiff's claims would be barred by
2  Heck v. Humphrey, 512 U.S. 477 (1994), was also unconvincing.  ECF No. 51 at 5 n.3.
3     Defendants filed objections to the findings and recommendations in which they argued,
4  for the first time, that Younger abstention was appropriate and expanded upon their Heck bar
5  argument.  ECF No. 52.  In the interest of judicial economy, the May 13, 2025 findings and
6  recommendations were vacated and defendants were given an opportunity to provide
7  supplemental briefing on whether Younger abstention was appropriate and why this case would
8  be Heck barred if plaintiff is convicted in state court.  ECF No. 54.  In response to the order,
9  plaintiff filed a supplemental brief (ECF No. 57), as did defendants (ECF No. 58), and plaintiff's
10 time to file a supplemental opposition has now passed.

11   II.   Plaintiff's Allegations
12    This case proceeds on the original complaint, which was screened and found to state
13 cognizable claims against defendants Ramos, Ortiz-Zamora, and Ortiz-Garcia for violations of the
14 Eighth Amendment.  ECF No. 14 at 3.  Plaintiff alleges that Ramos, Ortiz-Zamora, and Ortiz-
15 Garcia used excessive force against him during an incident on April 27, 2023, when they entered
16 his cell and beat him with a baton and closed fists.  ECF No. 1 at 2.

17   III.  Request for Judicial Notice
18    Defendants' objections to the May 13, 2025 findings and recommendations were
19 accompanied by a request for judicial notice of the preliminary hearing transcript from plaintiff's
20 state court criminal proceedings.  ECF No. 52-1.  "The court may judicially notice a fact that is
21 not subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately
22 and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.
23 Evid. 201(b).  Because the transcript is a matter of public record and not subject to reasonable
24 dispute, the request for judicial notice will be granted.[2]
25 ////
26 ////

---

[2] The court previously granted the request for judicial notice which accompanied the motion to stay.  ECF No. 51.

IV.     Motion to Stay

    A.  Motion

Defendants seek a stay of these proceedings under the Pullman abstention doctrine, see Pullman, 312 U.S. 496 (1941), pending plaintiff's prosecution in state court. ECF No. 43 at 1. Plaintiff has been criminally charged with two counts of felony battery by a prisoner on a non-prisoner (Cal. Pen. Code § 4501.5) in Solano County Superior Court Case Number F23-01661. Id.; ECF No. 43-1 at 10-12. Those charges arise out of the same incident providing the factual basis for plaintiff's claims in this case. ECF No. 43 at 2; ECF No. 43-1 at 11. Defendants argue that a stay pending the outcome of plaintiff's criminal case is appropriate because a conviction might moot the constitutional issues raised in this case. ECF No. 43 at 2-3. According to defendants' most recent status report, plaintiff was scheduled to be arraigned in state court on July 2, 2025.[3] ECF No. 49.

    B.  Opposition

Plaintiff opposes defendants' motion to stay, arguing that he is ready to proceed, that a stay would be an unnecessary waste of time, and that proceeding in this case would be in the interest of civil justice. ECF Nos. 44, 45.

    C.  Reply

In their reply, defendants assert that plaintiff offers only conclusory arguments without legal authority and fails to address any of the Pullman factors. ECF No. 46 at 1. They then reiterate that the Pullman abstention doctrine should apply in this matter because all the elements of the doctrine are satisfied. Id. at 1-2.

    D.  Supplemental Briefing

After defendants were ordered to file a supplemental brief, plaintiff filed a supplemental brief in which he reiterates that he was assaulted by defendants and argues that the excessive use

---

[3] At the time defendants filed their motion to stay, plaintiff had a preliminary examination scheduled for January 15, 2025. ECF No. 43 at 1; ECF No. 43-1 at 14. That hearing was ultimately continued to April 9, 2025, and plaintiff's arraignment on the information was set for July 2, 2025. ECF No. 49. Review of the Solano County Superior Court's docket indicates that at the July 2, 2025 hearing the case was continued to October 14, 2025, for reassignment and trial setting.

3

of force overruled defendants' Younger and Heck arguments. ECF No. 57. In their supplemental brief, defendants argue that Younger abstention is appropriate, that success on the merits in this case would undermine the factual basis of the pending criminal charges, and that a criminal conviction would likely bar plaintiff's claims in this case. ECF No. 58.

E. Analysis

i. Pullman Abstention

"Pullman abstention is an equitable doctrine that allows federal courts to refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions." San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998).

> Pullman abstention is appropriate where:
>
> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
>
> (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
>
> (3) The possibly determinative issue of state law is doubtful.

Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 1996) (quoting Pearl Inv. Co. v. City and County of San Francisco, 774 F.2d 1460, 1463 (9th Cir. 1985).

In this case, it appears that defendants have equated ongoing state criminal proceedings with a "determinative issue of state law." ECF No. 43 at 3. However, while state court criminal proceedings unquestionably "implicate important state interests," Lazarus v. Baca, 389 F. App'x 700, 700 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44), and are of course "issues of state law" in the general meaning of the phrase, they do not necessarily constitute "issues of state law" for purposes of Pullman.

Pullman addresses the concern

> that a federal court will be forced to interpret state law without the benefit of state-court consideration and therefore under circumstances where a constitutional determination is predicated on

4

> a reading of the statute that is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless.

Moore v. Sims, 442 U.S. 415, 428 (1979) (citations omitted). In other words, Pullman applies where there is a question regarding the interpretation of state law that could moot the federal constitutional issue.

While plaintiff's guilt of the state charges remains uncertain until the criminal proceedings come to a final resolution, there is no indication that the clarity of the statute he is charged with violating is uncertain, making Pullman abstention inappropriate. See Peridot Tree, Inc. v. City of Sacramento, 94 F.4th 916, 929 (9th Cir. 2024) (Pullman requirements not met where the ordinance in question was clear); Kusper v. Pontikes, 414 U.S. 51, 54 (1973) (abstention is appropriate "where the challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question").

        ii.  Heck Bar

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487). "[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Heck, 512 U.S. at 487 (emphasis in original).

In this case, plaintiff is charged with battery by a prisoner on a non-confined person in violation of Penal Code § 4501.5. ECF No. 43 at 1; ECF No. 43-1 at 10-12. Section 4501.5 provides that "[e]very person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony," while Penal Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person of another." The undersigned previously recommended that the motion to stay be denied because, unlike other forms of battery which require an officer to be acting lawfully, there was no indication from the elements of the offense that the jury would be required

to make any factual findings related to the lawfulness of defendants' conduct or the appropriateness of their use of force. ECF No. 51 at 5 & n.2.

In their supplemental brief, defendants assert the factual basis of plaintiff's claims in this case directly contradicts the factual basis for the criminal charges against him. ECF No. 58. At the preliminary hearing, defendant Ramos testified that he responded to plaintiff's cell because plaintiff had covered the windows and was not responding to attempts to make contact. ECF No. 52-1 (preliminary hearing transcript) at 8-9. When defendants entered the cell, plaintiff ignored commands to get down and instead ran at defendant Ortiz-Zamora and began punching the shield he was holding. Id. at 10-11. Plaintiff then began punching Ramos in the upper torso before wrapping his arms around Ramos and ignored commands to let go. Id. at 12-13. Plaintiff and Ramos both fell to the floor when Ramos tried to take him down and leading Ramos to strike plaintiff in the face with his hand to try and get plaintiff to release him. Id. at 13. When plaintiff continued to strike Ramos in the torso, Ramos struck plaintiff with his baton. Id. at 13-14. Although Ramos was aiming for plaintiff's left shoulder, he ended up striking plaintiff in the head because plaintiff was moving around erratically, and defendants were able to detain plaintiff at some point after that. Id. at 14-15. Defendants argue that this factual basis is irreconcilable with plaintiff's allegations in this action, that success in this court would therefore implicitly invalidate any state court conviction "regardless of the victims' status or their conduct," and that the specific charged offense "is entirely irrelevant to the Heck analysis." Id. at 4, 7.

Contrary to defendants' assertion, the offense for which plaintiff has been charged is highly relevant to the analysis required by Heck. "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n.6). "To decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, [the court] must determine which acts formed the basis for the conviction." Lemos v. County of Sonoma, 40 F.4th 1002, 1006 (9th Cir. 2022). When the conviction is based on a jury verdict, "a court must look at

6

1    the record of the criminal case—including the jury instructions—to determine which facts the

2    jury necessarily found." Id. (citations omitted).

3          Defendants' argument that plaintiff's excessive force claim and criminal charges are

4    irreconcilable is based in part on their contention that even if Penal Code § 4501.5 does not

5    require a finding that defendants were acting lawfully, it requires a finding that plaintiff was not

6    acting in self-defense. ECF No. 58 at 6. To support this proposition, defendants cite CALCRIM

7    No. 2723. Id. However, CALCRIM No. 2723 requires an instruction regarding self-defense only

8    if the issue of self-defense is raised by the evidence. If plaintiff does not assert or present

9    evidence of self-defense and instead asserts, for example, that he did not strike defendants at all,[4]

10   the jury will not have to make a determination regarding self-defense and in doing so decide the

11   lawfulness of defendants' use of force. Moreover, even if plaintiff is found guilty of battery, a

12   jury in this case could find that defendants responded to the battery with excessive force, which

13   would not negate any of the facts necessarily found by the jury. See, e.g., Rodriguez v. City of

14   Modesto, 535 F. App'x 643, 645 (9th Cir. 2013) (Heck does not bar claim that officers "though

15   having a right to use reasonable force . . . responded with excessive force" (citing Hooper v.

16   County of San Diego, 629 F.3d 1127, 1132 (9th Cir. 2011); Yount v. City of Sacramento, 43 Cal.

17   4th 885, 898-99 (2008)).

18         In an attempt to establish that Heck would bar this action because the factual basis of

19   plaintiff's claims are irreconcilable with the factual basis of his criminal charges, defendants offer

20   four cases which they assert support their argument that irreconcilable factual bases require

21   finding that Heck bars the claims. ECF No. 58 at 3-6. The cases presented are distinguishable.

22         In Cunningham, the first case cited by defendants, the plaintiff alleged excessive use of

23   force after he was shot in a gun battle with the police. 312 F.3d at 1151. As a result of the shoot-

24   out, Cunningham was "convicted of, among other things, murdering [his accomplice] by

---

[4] Based on the filings in this case, it appears likely that plaintiff may present such a defense. Although the complaint does not indicate what plaintiff was doing during the alleged assault, two of plaintiff's subsequent filings allege that he was "bald [sic] up on the floor" and "tryed [sic] to cuff up" while he was being hit with batons and closed fists, indicating that he was offering no resistance. ECF Nos. 37, 55.

7

provoking the police to shoot." Id. The Ninth Circuit found that this conviction "required the jury to find that he intentionally provoked the deadly police response, . . . that he did not act in self-defense," and "that the police response was a natural consequence of Cunningham's provocative act," barring his claim under both a theory that he did not provoke the firestorm and a broader danger creation theory. Id. at 1154-55. Under the danger creation theory, Cunningham argued that the officers used "excessive force to deliberately create a situation that provoked him into firing." Id. at 1154. However, he was also convicted of attempted murder, which required that the jury find "he knew or should have known that they were police officers acting within the scope of their duties," and a finding of excessive force "would necessarily imply they were not acting within the scope of their duties." Id. at 1154-55.

In Rodriguez v. Mendoza, the plaintiff was convicted of violating Penal Code § 69 based on assaulting the defendant by grabbing his arm and trying to take his pepper spray can. No. 1:21-cv-0410 JLT BAM, 2024 WL 4345760, at *1, 2024 U.S. Dist. LEXIS 177018, at *2 (E.D. Cal. Sept. 30, 2024). A person violates Penal Code § 69 if they "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or . . . knowingly resist[], by the use of force or violence, the officer, in the performance of his or her duty." Rodriguez alleged that he was pepper sprayed twice, that his conviction involved only the first use of pepper spray by the defendants, and that the second use of pepper spray was for no reason, constituting excessive force. 2024 WL 4345760, at *4, 2024 U.S. Dist. LEXIS 177018, at *11. However, the court found that the factual basis of plaintiff's plea clearly included the second use of pepper spray and accepting plaintiff's version of events would therefore necessarily imply the invalidity of the conviction. 2024 WL 4345760, at *4, 2024 U.S. Dist. LEXIS 177018, at *12. Rodriguez is distinguishable from this case because the offense for which the plaintiff was convicted included a requirement that the officer be in the performance of his duties and therefore acting lawfully. See People v. Cruz, 44 Cal. 4th 636, 673 (2008) (where statute makes it a crime to commit act against peace officer engaged in performance of their duties, officer was necessarily acting lawfully at the time (citation omitted)).

1  Finding that the defendant used excessive force would have invalidated an element of the offense
2  for which plaintiff was convicted.
3       Defendants next cite Felder v. Macias, No. 2:20-cv-0266 WBS DMC, 2024 WL 3413561,
4  2024 U.S. Dist. LEXIS 124064 (E.D. Cal. July 15, 2024), and argue that the court in that case
5  found the plaintiff's excessive force claims were barred by Heck. ECF No. 58. However, the
6  court in Felder made no such finding. Instead, the court found that the plaintiff's procedural due
7  process claim with respect to his disciplinary conviction was barred by Heck because the
8  disciplinary had not been overturned. 2024 WL 3413561, at *12-13, 2024 U.S. Dist. LEXIS
9  124064, *34-35. Felder is therefore entirely inapplicable to the instant case.
10      Finally, defendants cite Mora v. DeSimone, No. 2:23-cv-0155 DJC DMC, 2025 WL
11 347282, 2025 U.S. Dist. LEXIS 17159 (E.D. Cal. Jan. 30, 2025). In Mora, like Rodriguez, the
12 plaintiff was convicted of violating Penal Code § 69. 2025 WL 347282, at *4, 2025 U.S. Dist.
13 LEXIS 17159, at *11. The plaintiff alleged that the continued use of force after he was on the
14 ground was excessive because he had stopped resisting. 2025 WL 347282, at *3, 2025 U.S. Dist.
15 LEXIS 17159, at *8-9. However, the court found that the evidence showed "that Plaintiff
16 continued to resist once on the ground because dismissed Defendant Overby only responded once
17 Plaintiff was already on the ground and the lawfulness of dismissed Defendant Overby's actions
18 was necessarily an element of Plaintiff's conviction." 2025 WL 347282, at *7, 2025 U.S. Dist.
19 LEXIS 17159, at *18. The court further found that if plaintiff prevailed against the remaining
20 defendants on his claim that their use of force was excessive because he was no longer resisting,
21 it would have invalidated his conviction because Overby's use of force (striking plaintiff three
22 times with a baton) would have been unlawful on an unresisting inmate. 2025 WL 347282, at *4,
23 7, 2025 U.S. Dist. LEXIS 17159, at *9, 18.
24      There is nothing in the instant case to suggest that provoking an officer response is an
25 element of the offense plaintiff was charged with, that a jury will be required to find that
26 defendants were acting within the scope of their duties, or that plaintiff could not be both guilty of
27 the offense and subject to excessive force. For these reasons, defendants have not shown that this
28

1  case would necessarily be barred by Heck if plaintiff is found guilty of battery, and a stay is not
2  warranted on this basis.

###          iii.  Younger Abstension

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted).

> Specifically, Younger abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.

Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). "[W]hen damages are at issue rather than discretionary relief, deference—rather than dismissal—is the proper restraint." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

In this case, the first two Younger requirements are clearly met since plaintiff's state court criminal proceedings are still on-going and, as noted above, state criminal proceedings "implicate important state interests." With respect to the requirement that plaintiff have an adequate opportunity to raise his constitutional claims in state court, "the burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'" Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987) (alteration in original) (quoting Moore v. Sims, 442 U.S. 415, 432 (1979)). Defendants have argued that plaintiff is free to raise his claim that they used excessive force against him as part of his defense, ECF No. 58 at 7-8, and plaintiff has not disputed this argument. This leaves only the fourth requirement—that the requested relief would have "the practical effect of enjoining the ongoing state judicial proceeding"—for consideration.[5]

In their supplemental brief addressing Younger, defendant's discussion of the fourth requirement reprises their argument that a conviction is likely to bar plaintiff's claims under

---

[5] Plaintiff does not seek to actually enjoin his state court proceedings.

Heck. ECF No. 58 at 2-8. Though the issues are not identical, they have substantial overlap, and defendants' failure to show that a conviction will bar the claims in this case also fails to demonstrate that relief in this case would practically enjoin the state proceedings. As discussed above, the charge that plaintiff battered defendants is not mutually exclusive to his claim of excessive force, and defendants have failed to show that a verdict in plaintiff's favor would dictate the results of plaintiff's criminal proceedings. On the record before the court, a determination that defendants used excessive force against plaintiff would not preclude a determination that plaintiff was guilty of battery or otherwise act to effectively enjoin the state court proceedings.

For these reasons, a stay under Younger is also not appropriate in this case.

### F. Conclusion

For the reasons set forth above, defendants have not met their burden in demonstrating that a stay is warranted and the motion to stay the case should be denied.

### V. Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. ECF No. 56. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he requires counsel to ensure

a fair trial and that he receive civil justice, and because he is not educated in law and defendants are falsifying unspecified documents. ECF No. 56. It has not yet been determined whether this case will proceed to trial, and any request for counsel based on the need for representation at trial is therefore premature. Additionally, plaintiff's lack of legal education is a circumstance common to most prisoners and not an extraordinary circumstance warranting the appointment of counsel. Plaintiff's conclusory and unsupported allegation that defendants are falsifying documents is also insufficient to support the appointment of counsel. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel and the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 52-1) is GRANTED; and
2. Plaintiff's motion for counsel (ECF No. 56) is DENIED.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to stay (ECF No. 43) be DENIED; and
2. The parties be given thirty days to file dispositive motions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE